IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| QUENTIN GROSSHART, individually, and as class representative, | ) ) ) |
| Plaintiff, | ) ) Case No. 16-CV-00766-W-DW |
| v. | ) ) ) |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., LEANA MASSEY, JOHN DOES (1-25), and JANE DOES (1-25), | ) ) ) ) |
| Defendants. | ) |

## ORDER

Pending before the Court is the Plaintiff Quentin Grosshart's ("Grosshart") Motion for Remand Based on the Local Controversy Exception and Comity (the "Motion"). See Doc. 10. Defendant State Farm Mutual Automobile Insurance Company ("State Farm") filed suggestions in opposition (Doc. 13), and Grosshart filed a reply brief (Doc. 20). For the reasons set forth below, the Motion is DENIED because the Court finds it has jurisdiction over this case.

I.[1]

In January 2008, Grosshart was injured in an automobile accident and received medical treatment. He then made a claim upon an insurance policy issued by State Farm to non-party William Hall.[2] After negotiations, Grosshart agreed to settle his claim for $11,600. In a letter dated December 8, 2009, Defendant Leana Massey ("Massey")—who is a State Farm Claim

---

[1] The following facts are primarily taken from the Amended Class Action Petition (the "Petition"), without further quotation or attribution unless otherwise noted. Doc. 1-2. Only those facts necessary to resolve the Motion are discussed below, and those facts are simplified to the extent possible. The Court has also reviewed Grosshart's proposed Amended Class Action Complaint (Doc. 19-1), and finds that the allegations and claims presented therein do not affect the jurisdictional analysis.

[2] Grosshart was not State Farm's insured, but a claimant with respect to a policy issued to Hall. See Doc. 12-2 (letter from State Farm to Grosshart which states "Our Insured: William Hall.")

Representative—provided Grosshart a "full and final release reflecting our settlement agreement." Doc. 12-2. The letter informed Grosshart that if he executed the release, State Farm would "forward payment to you in the amount of $4,395.00. We will also forward payment in the amount of $7,205.00 to the applicable lien holder. Thus, the total settlement is $11,600.00[.]" Id. Grosshart executed the release on December 16, 2009. Doc. 12-3.

On May 18, 2016, Grosshart filed this case in the Circuit Court of Cass County, Missouri. Grosshart seeks relief for himself and on behalf of a proposed class of similarly situated individuals. The Petition names as defendants State Farm, Massey, John Does 1-25, and Jane Does 1-25. Plaintiff Grosshart and all proposed members of the class are citizens of Missouri. Defendant State Farm is an Illinois Corporation with its principal place of business in Illinois. Defendant Massey is a Claim Representative for State Farm, and she is a citizen of Missouri. The John/Jane Doe Defendants are also Claim Representatives for State Farm, and are also allegedly citizens of Missouri.

Grosshart alleges that State Farm and the individual defendants engaged in a "scheme in which they undertook to pay class members' liens and then paid more to medical providers than they were legally required." Doc. 11, p. 9. Specifically, Grosshart alleges that Defendants violated Missouri Revised Statute § 430.225 by: (1) directly paying his medical lien holders without first obtaining his permission, and by (2) improperly paying those lien holders in excess of fifty percent of his settlement proceeds.[3]

---

[3] In relevant part, § 430.225 provides:

> "3. **If the liens of such health practitioners**, hospitals, clinics or other institutions **exceed fifty percent of the amount due the patient, every health care practitioner**, hospital, clinic or other institution giving notice of its lien, as aforesaid, **shall share in up to fifty percent of the net proceeds due the patient**, in the proportion that each claim bears to the total amount of all other liens of health care practitioners, hospitals, clinics or other institutions. 'Net proceeds', as used in this section, means the amount remaining after the payment of contractual attorney fees, if any, and other expenses of recovery.

Grosshart asserts claims for negligence (Count I), for breach of fiduciary duty (Count II), and for intentional, negligent, and fraudulent misrepresentations (Counts III-V).  Counts I and II are primarily based on Defendants' alleged failure to obtain Grosshart's permission to pay the liens, and for overpaying the lien holders, under § 430.225.  Counts III, IV, and V are primarily based on Defendants' alleged misleading statements about § 430.225, and/or for failing to advise Grosshart of the statutory requirements.  Grosshart seeks compensatory and punitive damages, and also class certification.

On July 8, 2016, Defendants removed the case to this Court under the Class Action Fairness Act of 2005 ("CAFA").  See 28 U.S.C. § 1332(d).  Grosshart now moves to remand, and argues that CAFA's "local controversy exception" divests this Court of jurisdiction.  The local controversy exception, and its applicability to this case, is discussed below.

## II.

CAFA creates diversity jurisdiction "over a class action if [1] the amount in controversy exceeds $5 million, [2] any member of the plaintiff class is a citizen of a different state from any defendant, and [3] the class consists of at least 100 persons."  Johnson v. MFA Petroleum Co., 701 F.3d 243, 253 (8th Cir. 2012) (citing 28 U.S.C. § 1332(d)(2), (5)).  A party removing a case under CAFA must establish these elements by a preponderance of the evidence.  See Hurst v. Nissan N. Am., Inc., 511 Fed. App'x 584, 585 (8th Cir. 2013); Scott v. Cerner Corp., 2015 WL 5227431, at * 1 (W.D. Mo. Sept. 8, 2015).  If the removing party carries its burden, "the burden

---

4. **In administering the lien of the health care provider, the insurance carrier may pay** the amount due secured by the lien of the health care provider directly, **if the claimant authorizes it** and does not challenge the amount of the customary charges or that the treatment provided was for injuries caused by the tort-feasor."

Mo. Rev. Stat. § 430.225 (emphasis supplied).

shifts to the party seeking remand to establish that one of CAFA's express jurisdictional exceptions applies." Westerfeld v. Indep. Processing, LLC, 621 F.3d 819, 822 (8th Cir. 2010).

One exception is the local controversy exception. Id. at 823; 28 U.S.C. § 1332(d)(4). Under this exception, a district court "shall decline to exercise jurisdiction . . .

> (A)(i) over a class action in which—
>
> (I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;
>
> (II) **at least 1 defendant is a defendant**—
>
> (aa) **from whom significant relief is sought by members of the plaintiff class**;
>
> (bb) **whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and**
>
> (cc) **who is a citizen of the State in which the action was originally filed**; and
>
> (III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed;
>
> and
>
> (ii) during the 3–year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons[.]"

28 U.S.C. § 1332(d)(4)(A) (emphasis supplied).

### III.

Here, it is not disputed that State Farm met its initial burden of establishing jurisdiction under CAFA. Grosshart, however, argues that remand is required under the local controversy exception. State Farm contends this exception does not apply because Defendant Massey and the John/Jane Doe Defendants—who are allegedly citizens of Missouri—are not "significant"

defendants.[4]  The dispositive issues are thus whether members of the plaintiff class seek "significant relief" from at least one of the Missouri defendants, and whether the alleged conduct of at least one Missouri defendant "forms a significant basis for the claims asserted by the proposed plaintiff class."  28 U.S.C. § 1332(d)(4)(A)(i)(II)(aa), (bb).

After reviewing the record and the parties' arguments, the Court finds that Massey and the John/Jane Doe Defendants are not "significant" and thus the local controversy exception does not apply.  The Eighth Circuit has held that "whether an in-state defendant is a significant defendant for purposes of the local-controversy exception must be determined by considering the claims of 'all of the class members in the class action[.]'"  Westerfeld, 621 F.3d at 824-25 (quoting 28 U.S.C. § 1332(d)) (alteration omitted); Kaufman v. Allstate New Jersey Ins. Co., 561 F.3d 144, 157 (3d Cir. 2009) (holding that the "local defendant's alleged conduct must be an important ground for the asserted claims in view of the alleged conduct of all the Defendants").

In this case, the record does not show that a significant number of class members would have a claim against Massey and/or against one of the John/Jane Doe Defendants.  Specifically, Grosshart has failed to show that any of the individual defendants were a Claim Representative for a significant number of class members.  As explained by State Farm, "only the putative class members whose claims were handled by Defendant Massey [and/or a Doe Defendant] can assert a claim against [them], and there is no basis in the law to hold [an individual defendant] jointly and severally liable for the alleged harm suffered by [a] putative class member whose claims [such defendant] did not handle."  Doc. 13, p. 5.  As a result, there is no basis in the record to conclude that the class seeks "significant relief" from any particular individual defendant or that

---

[4] State Farm states that it "does not challenge the other elements of the local controversy exception."  Doc. 13, p. 7 n.2.

the conduct of an individual defendant "forms a significant basis for the claims asserted by the proposed plaintiff class." See 28 U.S.C. § 1332(d)(4)(A).

This finding is consistent with CAFA's legislative history. CAFA's Senate Committee Report identified a fact pattern similar to this case. The report stated:

> In a consumer fraud case alleging that an insurance company incorporated and based in another state misrepresented its policies, **a local agent of the company named as a defendant presumably would not fit [the 'significant defendant'] criteria. He or she probably would have had contact with only some of the purported class members and thus would not be a person from whom significant relief would be sought by the plaintiff class viewed as a whole.** Obviously, from a relief standpoint, the real demand of the full class in terms of seeking relief would be on the insurance company itself . . . **Similarly, the agent presumably would not be a person whose alleged conduct forms a significant basis for the claims asserted.** At most, that agent would have been an isolated player in the alleged scheme implemented by the insurance company.

Carter v. Allstate Ins. Co., 2012 WL 3637239, at * 8-9 (N.D. W.Va. Aug. 21, 2012) (quoting S. Rep. No. 109-14, at 40) (emphasis supplied).

Here, and as discussed above, each individual Claim Representative similarly "would have had contact with only some of the purported class members and thus would not be a person from whom significant relief would be sought by the plaintiff class viewed as a whole." Id. For these reasons, the Court finds that there is not a singular local defendant that is "significant" with respect to the entire plaintiff class.[5] Consequently, the local controversy exception does not apply and the Court has jurisdiction over this case under CAFA. See Johnson v. MFA Petroleum Co., 2013 WL 3448075, at * 3 (W.D. Mo. July 9, 2013) ("In passing CAFA, Congress noted that the local controversy exception 'is a narrow exception that was carefully drafted to ensure that it does not become a jurisdictional loophole.'").

---

[5] At least one court has also held that fictitious defendants are "not considered in determining the applicability of the local controversy exception. This is true even if the identity of the 'Doe' defendant is ascertainable." Stanforth v. Farmers Ins. Co. of Arizona, 2010 WL 11437167, at * 4 (D.N.M. Apr. 22, 2010) (citations omitted).

IV.

For the foregoing reasons, and for the additional reasons stated by State Farm, it is hereby ORDERED that Plaintiff's Motion for Remand Based on the Local Controversy Exception and Comity (Doc. 10) is DENIED.[6]

IT IS SO ORDERED.

Date: September 29, 2016  /s/ Dean Whipple
Dean Whipple
United States District Judge

---

[6] Grosshart's secondary argument based on comity is rejected. The Court has jurisdiction under CAFA, and generalized notions of comity do not provide a legal basis upon which to decline such statutorily-mandated jurisdiction.